UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AMANDA V. BUSH,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-333

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 7), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of November 9, 2009. PageID 242-54. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, lumbosacral degenerative disc disease, fibromyalgia, depression, and anxiety. PageID 51.

After initial denial of her applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on January 26, 2016. PageID 73-107. The ALJ issued a written decision on April 20, 2016 finding Plaintiff not disabled. PageID 49-66. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[4] "there are jobs in that exist in significant numbers in the national economy that [she] can perform[.]" PageID 65.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 31-33. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 51-66), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc.

---

[4] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

14), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform;

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff argues that the ALJ erred by: (1) not addressing Plaintiff's request for a medical examination; (2) making unsupported findings regarding her lower extremity sensation and stability; (3) not reasonably considering or developing the record concerning her fibromyalgia diagnosis; and (4) improperly analyzing her daily activities in assessing her credibility. Finding error with regard to the ALJ's consideration of Plaintiff's fibromyalgia, the undersigned does not address Plaintiff's other alleged errors and, instead, would direct that said errors be considered by the ALJ anew on remand.

In her third alleged error, Plaintiff contends that the ALJ committed reversible error by failing to reasonably consider her fibromyalgia in determining disability and further failed to adequately develop the record as it relates to such condition. PageID 1330-31. Certainly, there are a number of documents of record reflecting treatment for and diagnosis of fibromyalgia. *See* PageID 1276, 1282-84, 1286, 1291-97, 1302-03, 1307, 1309. Much of this evidence is reflected in more recent treatment records from treating physician Lawrence Udom, M.D. in 2015 and after, *id.*, although records as early as 2009 reflect reported treatment for "suspected fibromyalgia" and note vague references to past medical diagnosis of such condition. PageID 419, 978, 1055.

The undersigned's review of the ALJ's analysis regarding fibromyalgia in this case begins at Step Two, the Step in the sequential evaluation where the ALJ must consider whether a claimant's impairment constitutes a "medically determinable impairment," *i.e.*, an impairment that results from anatomical, physiological, or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1505, 404.1508, 404.1520(a)(4)(ii) and 404.1527(a)(1). If an alleged impairment is not medically determinable, an ALJ need not consider that impairment in assessing the RFC. *See Rouse v.*

*Comm'r of Soc. Sec.*, No. 2:16-CV-0223, 2017 WL 163384, at *4 (S.D. Ohio Jan. 17, 2017); 20 C.F.R. §§ 404.1527(a)(1), 404.1545(a)(2).

"Consideration of whether a claimant's fibromyalgia qualifies as a medically determinable impairment . . . is governed by SSR 12-2P, 2012 WL 3104869 (July 25, 2012)." *Herzog v. Comm'r of Soc. Sec.*, No. 2:16-CV-244, 2017 WL 4296310, at *2 (S.D. Ohio Sept. 28, 2017). As set forth in SSR 12-2P, "a person can establish that he or she has [a medically determinable impairment] of [fibromyalgia] by providing evidence from an acceptable medical source[,]" *i.e.*, "[a] licensed physician." 2012 WL 3104869, at *2. However, in determining whether fibromyalgia is a medically determinable impairment, ALJs "cannot rely upon the physician's diagnosis alone" and medical evidence submitted in support "must document that the physician reviewed the person's medical history and conducted a physical exam." *Id*.

Here, the Commissioner argues that the ALJ did not err in declining to consider fibromyalgia because records failed to reflect "any positive tender points upon examination." Doc. 14 at PageID 1345. Certainly, under Soc. Sec. Ruling 12-2P, one of two ways an ALJ can find fibromyalgia to be a medically determinable impairment is if Plaintiff has all of the following:

> 1. A history of widespread pain—that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)—that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present.
>
> 2. At least 11 positive tender points on physical examination (see diagram below). The positive tender points must be found bilaterally (on the left and right sides of the body) and both above and below the waist. [and]
>
> ***
>
> 3. Evidence that other disorders that could cause the symptoms or signs were excluded.

2012 WL 3104869, at *2-3 (July 24, 2012). However, the Commissioner's argument in this regard -- like the ALJ's analysis[5] -- fails to "consider the other criteria for diagnosing fibromyalgia set forth in Ruling 12-2p, which does not require evidence of tender points." *Moser v. Berryhill*, No. 3:15CV00383, 2017 WL 525723, at *9 (S.D. Ohio Feb. 9, 2017), *report and recommendation adopted*, No. 3:15-CV-383, 2017 WL 1134774 (S.D. Ohio Mar. 24, 2017).

In fact, under Soc. Sec. Ruling 12-2P, a claimant can demonstrate she has a medically determinable impairment of fibromyalgia by showing, as an alternative to the requirement of documented "tender points," that she has "[r]epeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome[.]" SSR 12-2p, 2012 WL 3104869. The record here contains a number of such documented symptoms including, *inter alia*, fatigue and/or tiredness, memory problems, nervousness and/or anxiety, chest pain, depression, headaches, and vomiting.[6] Despite such records, and despite Plaintiff's recent treatment for, and recorded diagnosis of, fibromyalgia, the ALJ made no findings concerning whether Plaintiff's alleged fibromyalgia was a medically determinable impairment at Step Two of the sequential analysis. *See* PageID 51-52. The undersigned finds error in this regard. *Moser*, 2017 WL 525723, at *10.

---

[5] In assessing Plaintiff's credibility, the ALJ dismissed her alleged fibromyalgia outright solely because the recent treatment records reflecting its diagnosis note "no positive points" or "trigger points[.]" PageID 59-60.

[6] Some of these reported symptoms can be found at the following parts of the record: fatigue and/or tiredness (PageID 353, 990, 992, 996-97, 1006, 1008, 1010, 1012-13, 1016, 1017, 1056, 1219, 1221, 1269, 1273); memory problems (PageID 1119, 112, 1124, 1136); insomnia (989-90, 991, 997, 1002, 1019, 1120, 1135-36, 1268, 1273, 1276, 1282, 1284); nervousness and/or anxiety (PageID 997, 1019, 1057, 1267, 1271, 1280-81, 1283-84, 1291, 1294, 1302, 1303, 1307, 1308); chest pain (535, 538, 542, 571, 662, 665-66, 669, 997); depression (470, 989, 990-91, 997-99, 1009, 1018-19, 1054, 1058, 1120, 1154, 1255, 1259, 1268, 1273, 1280-82); headaches (355, 360, 262, 264-65, 370, 535, 665, 669, 816, 821, 823, 826-28, 907, 912, 916, 950); and vomiting (355, 536, 542, 662, 666, 993, 995, 996, 998, 1007, 1008, 1009, 1011, 1012, 1015).

The Court must next consider whether such error is harmless, a burden the Commissioner bears. *See Starcher v. Comm'r of Soc. Sec.*, No. 2:15-CV-3113, 2016 WL 5929048, at *6 (S.D. Ohio Oct. 12, 2016), *report and recommendation adopted*, No. 2:15-CV-3113, 2016 WL 6493427 (S.D. Ohio Nov. 2, 2016). If an impairment is medically determinable, an ALJ must decide whether that impairment is severe or non-severe. 20 C.F.R. § 404.1520(a)(4)(ii). If all medially determinable impairments are non-severe, the ALJ's analysis ends and Plaintiff is not disabled. 20 C.F.R. § 404.1520(c).

Where a plaintiff has one or more severe impairments, the ALJ must then consider the limiting effects of all impairments, severe and non-severe, in determining Plaintiff's RFC at Step Four. 20 C.F.R. § 1523; *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009). If the ALJ considers the limiting effects of both severe and non-severe impairments in determining the RFC, any error in failing to find a particular impairment "severe" at Step Two is harmless. *White*, 312 F. App'x at 787.

In this case, the ALJ did mention fibromyalgia when summarizing the record evidence at Step Four, particularly when assessing Plaintiff's credibility. PageID 59-60. In doing so, the ALJ appears to have dismissed the condition outright because Plaintiff's recent treatment records reflecting the fibromyalgia diagnosis note "no positive points" or "trigger points" -- which, as set forth above, is not a complete analysis of the condition's existence. PageID 59-60. As a result, the Court cannot conclude that the ALJ considered the limiting effects of fibromyalgia on Plaintiff's ability to perform work-related activity when determining the RFC.[7] Thus, the error at

---

[7] The undersigned recognizes that the ALJ would not have had to consider the limiting effects of fibromyalgia when determining Plaintiff's RFC at Step Four if he had appropriately determined that it is not a medically determinable impairment. *See supra*.

8

Step Two is not harmless. On this basis alone, the ALJ's decision is found unsupported by substantial evidence.

Further, the ALJ's failure to recognize fibromyalgia also impacted the ALJ's conclusion regarding Plaintiff's credibility. Specifically, the ALJ found Plaintiff's statements regarding her disability were "not supported by objective medical evidence" (PageID 55) and that certain findings on examination "were within normal limits" (PageID 59). *See also* PageID 56 (the ALJ noting normal strength and sensation in lower extremities); PageID 57 (the ALJ noting normal range of motion and strength, as well as normal gait and movements); PageID 58 (the ALJ noting normal range of motion, normal gait, normal strength and tone). However, as noted by the Sixth Circuit, "unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007).

The ALJ's analysis in this regard "is problematic under the best of circumstances because the key findings in a doctor's report are the examination results rather than more general comments about the patient's appearance." *Starcher*, 2016 WL 5929048, at *6. Additionally, it "is especially troubling in a case involving fibromyalgia, where such comments are completely consistent with the way in which persons with that disease can appear when examined." *Id*. (finding error and noting that "[t]he ALJ may well have been influenced to make these comments –- and to devalue Plaintiff's testimony as well as some of the objective findings from his physicians –- because of his erroneous decision about whether Plaintiff's fibromyalgia was a medically determinable impairment").

Thus, because the ALJ gave no consideration to the limiting effects of Plaintiff's fibromyalgia when determining her RFC, and the disregard of such condition appears to have

impacted the ALJ's credibility determination, the undersigned cannot conclude -- and the Commissioner has not demonstrated -- that such error is harmless. *See id*. The ALJ's credibility analysis is thus also found unsupported by substantial evidence.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above and for reconsideration of Plaintiff's other alleged errors -- is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date: April 1, 2019                  s/ Michael J. Newman
                                                            Michael J. Newman
                                                            United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).